## MEADOWS et al. vs. EDWARDS & BRASSELL.

[BILL IN CHANCERY TO CORRECT ERRORS, &C., IN FINAL SETTLEMENT OF AN ADMINISTRATOR.]

1. *Decree pro confesso; when properly set aside.*—A decree *pro confesso* against a defendant, rendered by one whom the register appointed to represent him during his absence, is properly set aside by the chancellor.

2. *Section 2274, Revised Code; when authorizes a review by chancery court.* Section 2274, Revised Code, seems to authorize a review in the chancery court of the final settlement of a decedent's estate in the probate court, upon specified errors positively charged, little short of the privilege and right of appeal.

3. *Bill by minors to correct errors in final settlement; when not without equity.*—When, in such settlement, a decree has been rendered in favor of the administrator, a bill filed by minor distributees alleging that they were represented only by a guardian *ad litem,* and specifying errors equal in amount to the decree, is not without equity.

4. *Final settlement of administrator in chief, sufficient to support bill to correct errors.*—The final settlement of the administrator in chief, is sufficient to support the bill, although an administration *de bonis non* is pending. The distributees are parties in interest, unless the estate is declared insolvent, and may be so afterwards.

APPEAL from the Chancery Court of Montgomery.
Heard before Hon. N. W. COOKE.

The facts are stated in the opinion.

J. FALKNER, for Appellants.—1. The statute expressly

provides that where any error of law or fact has occurred in the settlement of any estate of a decedent, to the injury of any party without any fault or neglect on his part, such party may correct such error by bill in chancery within two years after the final settlement thereof, &c.—See Revised Code, § 2274; *Mock's Heirs v. Steele*, 34 Ala. 178; *Ansley's Adm'r v. King's Heirs*, 35 Ala. 278; *Marran v. Allison*, 39 Ala. 70.

2. The chancellor gives no reason for dismissing this bill except for want of equity. The bill charges that there were errors, both as to law and fact intervening, and that complainants, who were distributees, were all minors, and therefore not capable of guarding their own interests or protecting themselves, and that their brother, the administrator *de bonis non*, neglected to do so. I do not see what more is necessary to bring them within the provisions of the above statute, and the decree was on a final settlement of Edwards, administrator, and the bill shows that execution had been issued on the decree and levied on the property of the estate in the hands of the administrator *de bonis non*, and would have been sold but for the injunction.

3. In the opinion delivered at the present term of the court, in the case of *Powell, guardian, &c. v. Boon & Booth, adm'rs*, it is decided that Confederate treasury notes were issued in aid of the rebel government, were illegal, and that it was against public policy, &c. This being the law, it was error to allow the administrator for that kind of funds, and to render a decree in his favor for the amounts so advanced by him, and to allow him to have a decree for the amount of this worthless and illegal currency, and to collect the amount with interest out of these orphans, surely cannot be law.

4. The bill shows on its face that complainants were all minors at the time and had no one to protect their interests or rights, and if they have not this remedy they have none at all.

MARTIN & SAYRE, *contra.*—1. The remedy in chancery exists by virtue of sections 2274, 2275, of the Code.

Chancery, without the existence of those sections, would have no jurisdiction, and the settlements, as made, would stand, unless reversed by the supreme court.

2. Until a final settlement, the annual settlements are only *prima facie* correct, and may be re-examined.—§ 2159.

The administrator *de bonis non* is a mere continuance of the original administration, and until there is a final settlement the whole proceeding is *in esse*, and may be examined into by the probate court. The Code uses both words, *settlement* and *final settlement ;* and makes the jurisdiction of the court to depend in part on that fact.

3. There can not be but one final settlement of an estate. Until there is a final settlement, it cannot be ascertained who are the parties interested, or who injured. The estate may be declared insolvent; it may, beyond all peradventure, be exhausted in the payment of debts ; so that a legal heir will and can by no possibility, in any event, get anything. In such cases, the legal heirs cannot be said to have suffered any injury.

The person filing the bill must be a party to the settlement—a party entitled to something under the settlement.

4. Until a final settlement, the administrator is the only party entitled to any portion of the estate, except the creditors, and no decree can be made by any court for a distribution until after a settlement as to them is made.

5. There can be no party legally injured, until after there is a decree. These parties, filing this bill, may never have any interest; or if they had, two or three bills might be filed in regard to the administration of the same estate.

6. The bill ought to show upon its face, certainly, that errors in fact or in law have taken place.

It is not shown that the matters stated in the bill are facts.

And it is not shown that any error was committed by the court.—*Dantworth v. Dantworth, adm'r,* 35 Ala. 74.

7. The record of the court of probate ought to show, affirmatively, that errors in fact or in law were committed by the court in its action upon the accounts filed for a settlement.

And those errors ought to be so alleged in the bill, that the chancery court could make its decree upon the allegations as made.

And the relief must be confined to the allegations as made.

The bill cannot be entertained for general relief.

8. The bill does not show, fully, these objections were not made in the probate court. The bill does not show that they did not have full notice of the settlement made; neither does it show that these parties were not represented in said settlement. Neither is any reason assigned why they did not insist in the probate court on these objections. *Moore v. Lesseur and Wife*, 33 Ala. 243; *Stein v. Burden*, 30 Ala. 273; *Gillam v. Bloodgood et al.*, 15 Ala. 41.

The reasons why the objections were not made in the probate court must be alleged, so that the court may be informed whether such causes are good or not.

The facts stated must show that there was no negligence. *Wilson v. Randall and Wife*, 37 Ala. 76; *Mock's Heirs v. Steele*, 34 Ala. 200.

B. F. SAFFOLD, J.—The decree *pro confesso* against Edwards was set aside because it was not rendered by the register, but by another acting for him in his absence. There was no error in this.

The bill was filed by the appellants to correct errors alleged to have occurred in the final settlement of the accounts of the appellee, Edwards, as administrator of the estate of George W. Brassell. It was dismissed for want of equity.

The errors charged are, 1st. The administrator failed to account for the value of some firewood which he cut and hauled in 1864, with the slaves and wagon and teams of his intestate's estate, and sold for about $600. 2d. He paid out $611.45 in Confederate currency, for which he was allowed credit at its nominal value, though it resulted in bringing the estate in debt to him to that amount in lawful money.

The averments in denial of fault or negligence are, that

the complainants were minors without any guardian, having been represented by a guardian *ad litem* only; and that their brother, John E. Brassell, who was the administrator *de bonis non*, failed or neglected to guard their interests.

The difficulty in this case is that similar allegations of error, on belief merely, and of inefficient representation, may be made in every case where minors are represented by guardians *ad litem*. On the other hand, grave injury may be done them, if they are to be concluded by the action of an indifferent guardian *ad litem*, who does not care to make himself acquainted with the true situation of their affairs.

Section 2274, Revised Code, which authorizes this proceeding, requires but two conditions, error of law or fact, and the absence of fault or neglect of the party injured. Section 2275 allows to infants two years after the termination of their disability. The statute seems to contemplate a review of the settlement made in the probate court, upon specified errors positively charged, little short of the privilege and right of appeal.

If the error be admitted, can a minor in any case be said to be at fault, in view of his probable tender years, and because he is not allowed to represent himself. .

The second error above stated is too vaguely alleged in the bill. The facts stated may be true, and yet consistent with a just decree allowing the credit. If the administrator settled debts, for which lawful money might have been demanded, with Confederate currency obtained by the sale of property at a time when it was the only circulating medium; or if, having excusably obtained it, he used it in the payment of debts contracted to be paid in such currency, he ought to have been allowed the credit. There are other instances which would justify the allowance. It was not charged that the balance decreed in his favor was on account of Confederate currency estimated at its nominal value in lawful money.

The want of equity in the first allegation is not so manifest. An answer of the defendant Edwards, which was correctly adjudged by the court to be insufficient, discloses

that he did not report to the probate court his liability for the use of some of the property of the estate in the matter of the wood, though he avers that the receipts were inconsiderable, and were applied to the use of the complainants. In *Morrow v. Allison*, 39 Ala. 70, errors not considerably greater than the one alleged in this case were deemed sufficient to sustain the bill. The administrator is about to take the property of the complainants in payment of a decree for no greater amount than the error complained of. We think on this point the court erred.

The objection made by the appellee that the estate is not yet finally settled, is not well taken. So far as he is concerned, it is settled, and he is about to enforce his decree. The administrator *de bonis non* cannot be charged with errors of the court, or with those of his predecessor, in the absence of proof of such culpable neglect of his duty, or collusion, as would render any administrator liable for waste or failure to collect assets. The distributees of an estate are interested parties until it is declared insolvent, and may be to some extent afterwards.

The decree is reversed and the cause remanded.